

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

U.S. DISTRICT COURT

2012 JUL -2 A 11: 59

| | | |
|---|---|---|
| *Erez Liebermann*<br>*Assistant U.S. Attorney* | 970 Broad Street, Suite 700<br>Newark, NJ 07102 | (973)645-2874 |

June 30, 2012

Honorable Patty Shwartz
United States Magistrate Judge
Lautenberg United States Post Office and Courthouse
Two Federal Square
Newark, New Jersey 07101

      Re:   Appointment of Counsel
              United States v. Dimitriy Smilianits, 12-3043

Dear Judge Shwartz:

      On June 28, 2012, the Government asked that the Court appoint counsel to represent Dimitriy Smilianits, who is currently imprisoned in the Netherlands while awaiting extradition to the United States. As I explained at the time, Mr. Smilianits requested that the Government obtain United States counsel to represent him in connection with discussions with this Office concerning a possible disposition of the investigation as it relates to him.[1] Your Honor asked the Government to provide authority for the appointment of counsel for a defendant who has not yet appeared in the United States.

      The Criminal Justice Act ("CJA" or the "Act") itself provides for counsel "at every stage of the proceedings from [a defendant's] initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(b). However, the Act recognizes that individuals may have an entitlement to counsel prior to presentment, *see, e.g., id.* §§ 3006A(a)(1)(D), (G), (H) (providing that CJA representation is available to an eligible person who has been arrested, held as a material witness, or is otherwise entitled to counsel under the Constitution), and empowers the Court at presentment to make such appointment "retroactive to include any representation furnished pursuant to the plan prior to appointment," *id.* § 3006A(b).

      In addition, the Criminal Justice Act does not circumscribe the Court's authority to appoint counsel when appropriate. As the Second Circuit has explained:

            We do not believe, however, that the Criminal Justice Act repeals or

---

[1]    Smilianits has been charged in a two-count Amended Complaint, 12-3043.

> displaces a court's inherent authority to do those things reasonably necessary for the administration of justice in the exercise of its jurisdiction, including the power to appoint counsel to represent indigents. The Criminal Justice Act simply supplements this inherent power by providing for the compensation of counsel for what had previously been gratuitous service.

*United States v. Bowe*, 698 F.2d 560, 566 (2d Cir. 1983) (internal quotation marks, citations, and alteration omitted). The Court explained, moreover, that because the Act permits appointment of counsel in "those instances where judicial decisions or Federal statutes may require the appointment of counsel," then "judicial appointment of counsel may carry with it application of the Criminal Justice Act." *Id.* (quoting S.Rep. No. 91-790, 91st Cong., 2d Sess. 5 (1970)). That is, the Court suggested that the appointment of counsel under the Court's inherent authority is also sufficient to permit payment under the Act. *See also Jett v. Castaneda*, 578 F.2d 842, 844 (9th Cir. 1978) ("While a literal reading of § 3006A appears to limit its applicability to the Sixth Amendment right to counsel, the intent of Congress was clearly broader. Congress . . . intended by its action to extend the coverage of the act to include those instances where judicial decisions may require the appointment of counsel." (internal quotation marks and citations omitted)).

      Courts in this district routinely embrace *Bowe*'s reconciliation of the Court's inherent authority to appoint counsel and the Criminal Justice Act's mechanism for paying appointed counsel. Courts, for example, do not hesitate to appoint counsel to represent witnesses called before a sitting grand jury, notwithstanding that neither the text of the Act nor the Constitution require the appointment of counsel in such circumstances. Rather, Courts have embraced the intent of the Criminal Justice Act to appoint, and pay for, counsel in a broad array of cases, recognizing that "[t]he burden of furnishing an attorney only attaches upon representation of an individual that he is indigent and that he wishes an attorney." *De La Fe v. United States*, 413 F2d 543, 544 (5th Cir. 1969) (per curiam) (suspects who appeared for voluntary interview at FBI offices entitled to representation).

      In this case, defendant Smilianits is a target of a long-running investigation who is awaiting extradition to the United States. He has affirmatively requested the appointment of American counsel to assist him in his interactions with this Office, including (presumably) to advise him about the relative risks and rewards of consenting to extradition in advance of a final adjudication in the Netherlands and/or deciding whether to meet with representatives of the United States Government while in the Netherlands.

In these circumstances, the Government respectfully requests that the Court appoint counsel to represent Smilianits under the Criminal Justice Act.

Thank you for your consideration of this request.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

/s Erez Liebermann

By: EREZ LIEBERMANN
Assistant U.S. Attorney